IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00373-NYW

TAYLOR HARDY-ROY,

    Plaintiff,

v.

SHANGHAI KINDLY ENTERPRISES DEVELOPMENT GROUP CO., LTD.,
HENRY SCHEIN, INC.,
JOHN DOES 1-20, and
JOHN DOE COMPANIES 1-20,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Henry Schein, Inc.'s ("Defendant Schein") Motion to Extend Deadline to Designate Nonparties at Fault Under C.R.S. § 13-21-111.5 (the "Motion" or "Motion for Extension of Time"), filed February 28, 2020. [#14]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes, [#15], and concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, having reviewed the Motion and associated briefing, the applicable case law, and being fully advised in its premise, this court **GRANTS IN PART and DENIES IN PART** the Motion for Extension of Time.

## BACKGROUND

    On or about February 21, 2017, Plaintiff Taylor Hardy-Roy ("Plaintiff" or "Ms. Hardy-Roy") presented to the University of Colorado Comprehensive Women's Health Center to undergo a medical procedure conduct by her doctor Mollie Jacobs, M.D. [#4 at ¶¶ 18-19]. Dr. Jacobs

utilized "the Henry Schein – 9004470 Conventional 25x1' gauge hypodermic needle ('Needle')" in its ordinary course during Plaintiff's procedure. [*Id.*]. But upon removal the Needle broke and remained inside the Plaintiff's body, and Dr. Jacobs could not retrieve the Needle. *See* [*id.* at ¶¶ 20-21, 23]. Ms. Hardy-Roy underwent two surgical interventions to retrieve the Needle that caused permanent scarring and emotional distress. [*Id.* at ¶ 24].

Plaintiff then initiated this civil action by filing her Complaint in the District Court for the County of Arapahoe, Colorado on or about January 13, 2020. *See* [#3]. Plaintiff alleges Defendant Schein and Defendant Shanghai Kindly Enterprise Development Group Co., Ltd. ("Defendant KDL") "designed, engineered, developed, manufactured, fabricated, . . . supplied, distributed, wholesaled, prepared for sale, and sold medical and surgical supplies, including the [Needle] utilized in this case." [#4 at ¶¶ 5, 10]. Pursuant to her operative Amended Complaint, Plaintiff asserts claims for (1) strict liability against Defendant Schein, (2) negligence against Defendant Schein, (3) strict liability against Defendant KDL, and (4) negligence against KDL. *See generally* [#4]. Defendant Schein then removed this matter to this District based on diversity subject matter jurisdiction, 28 U.S.C. § 1332, on February 13, 2020. [#1]. Though originally assigned to the Honorable Robert E. Blackburn, Judge Blackburn returned the case and the Clerk of the Court assigned it to the undersigned Magistrate Judge. [#7; #9]. Upon Defendant Schein and Plaintiff's consent, Chief Judge Brimmer referred this matter to the undersigned for all purposes, including a decision on the merits and entry of final judgment. *See* [#13; #15].

Defendant Schein filed the instant Motion on February 28, 2020. [#14]. Defendant Schein indicates that the deadline to designate nonparties at fault expires on April 12, 2020, and requests that the court extend this deadline until at least 120 days after the Scheduling Conference. [*Id.* at 5 n.1]. Ms. Hardy-Roy opposes the Motion, arguing that granting Defendant Schein's requested

extension would prejudice Plaintiff because it would "allow designation of at-fault nonparties after the running of the two-year product liability statute of limitations, thereby precluding Plaintiff from seeking redress from such additional parties." [#18 at 1]. In its Reply, Defendant Schein argues that the two-year statute of limitations, whether it be February 17, 2019 or February 21, 2020,[1] would already run before the original April 12, 2020 deadline and so an extension would not prejudice Plaintiff, and good cause exists for the requested extension. *See* [#21 at 1-6]. Because the Motion is ripe for disposition, I consider the Parties' arguments below.

## LEGAL STANDARD

Colorado law provides that a defendant in a civil action may designate a nonparty at fault whose negligence or fault the finder of fact may consider in apportioning liability for the plaintiff's injuries. Colo. Rev. Stat. §§ 13-21-111.5(1), (3)(a)-(b). The Colorado Supreme Court has explained that to adequately designate a nonparty at fault the defendant must make "'a brief statement of the basis for believing such nonparty to be at fault,'" which requires the defendant to "'allege the basis for believing the nonparty is legally liable to the extent the non-party's acts or omissions would satisfy all the elements of a claim.'" *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1278 (10th Cir. 2005) (brackets omitted) (quoting *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 80-81 (Colo. 2001)). The time to make such a designation is "within ninety days following the commencement of the action unless the court determines that a longer period is necessary." Colo. Rev. Stat. § 13-21-111.5(3)(b). The trial court retains broad discretion for granting an extension of time to designate nonparties at fault and may do so when the defendant demonstrates the necessity for the extension and if doing so is reasonable and consistent with

---

[1] There appears some ambiguity as to the date of the medical procedure at issue in Plaintiff's Amended Complaint. *See* [#21 at 2].

equitable considerations. *See Daugherty v. Bissell*, No. CIVA.08CV01931WYDBNB, 2009 WL 2853108, at *2 (D. Colo. Sept. 1, 2009); *see also Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 592-93 (Colo. App. 2007) (stating that the court need not find excusable neglect for the requested extension).

## ANALYSIS

As mentioned, the current deadline to designate non-parties at fault is April 12, 2020—i.e., 90 days after Plaintiff initiated this matter. Defendant Schein seeks an unspecified extension of time given that Defendant KDL has yet to be served, but one that is at least 120 days after the Scheduling Conference in this matter. *See* [#14 at 5 n.1]. Defendant Schein argues such an extension is necessary because the deadline will expire before any meaningful discovery may occur in this complex products liability matter. [*Id.* at 3; #21 at 4-5]. That is, Defendant Schein requires more time to investigate the facts surrounding the procedure, including who performed the procedure, the doctor's handling and storage of the Needle, as well as the chain of custody of the Needle at issue, which will require discovery (that has yet to commence) before Defendant Schein can adequately identify any nonparties at fault. *See* [#14 at 3-4; #21 at 5-6].

Ms. Hardy-Roy counters that such a lengthy extension would cause prejudice because it would put any nonparties at fault outside of the two-year statute of limitations, thereby precluding recovery from these nonparties. [#18 at 1, 2-3]. Ms. Hardy-Roy also argues Defendant Schein has ample time to investigate potential nonparties at fault within the current April 12, 2020 deadline and does not need to wait for Defendant KDL to be served or for full discovery to begin to do so. [*Id.* at 3]. Indeed, Plaintiff contends, Defendant Schein has had since January 14, 2020, the date Plaintiff served Defendant Schein, to investigate the facts alleged in the Complaint and Amended Complaint to investigate any potential nonparty at fault. *See* [*id.* at 4]. For the following

4

reasons, I respectfully agree with Defendant Schein that an extension appears warranted, but not for an indeterminate amount of time based on the service of Defendant KDL, a Chinese corporation.

To start, the court agrees that Ms. Hardy-Roy will not suffer prejudice from an extension because the current April 12, 2020 deadline falls outside the applicable two-year statute of limitations, regardless of whether that is February 2019 or February 2020, given when Ms. Hardy-Roy decided to initiate this lawsuit. Further, Defendant Schein filed the instant Motion well before the expiration of the April 12, 2020 deadline. *Cf. Redden*, 38 P.3d at 80 (finding no abuse of discretion where the district court refused to accept nonparty at fault designations "nearly six months after the statutory deadline, and twenty-one days after the court-ordered deadline"). In addition, given the escalating public health concerns created by COVID-19 pandemic, this court finds that it would be inequitable to hold Defendant Schein to the current April 12, 2020 deadline.

Second, I find that there appear to be several factual disputes concerning when the procedure occurred, and which medical provider performed the procedure, such that some discovery seems appropriate before Defendant Schein may designate any potential nonparty at fault. *See Traenkner v. Capalbo*, No. 15-CV-00743-WYD-KMT, 2016 WL 503079, at *2 (D. Colo. Feb. 9, 2016) (extending the designation of nonparty at fault deadline where the defendants moved to designate nonparties at fault "only three and one-half weeks late and well before the discovery cutoff" or trial). The court disagrees, however, that the need for some discovery necessitates the indeterminate length of an extension proposed by Defendant Schein or requires service on and appearance of Defendant KDL. *See Daugherty*, 2009 WL 2853108, at *2 (finding no factual information to support an eight-month enlargement to the designation of nonparties at fault deadline). The court agrees with Ms. Hardy-Roy that Defendant Schein can reasonably

investigate any potential nonparties at fault without Defendant KDL, and I note that Defendant Schein and Plaintiff recently agreed to a 30-day extension of time to consider the propriety of exchanging initial disclosures and written discovery, given the health concerns posed by the CODVID-19 pandemic. *See* [#22]. In this time, and once discovery begins as to Defendant Schein and Plaintiff, Defendant Schein should have adequate time to identify any potential nonparties at fault. For this reason, the court will grant a 90-day extension to the April 12, 2020 deadline, thereby extending the deadline to **July 13, 2020**.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant Schein's Motion for Extension of Time [#14] is **GRANTED IN PART and DENIED IN PART**;

(2) The deadline to designate nonparties at fault is **EXTENDED** to **July 13, 2020**.

DATED: March 24, 2020          BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge