**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00373-NYW

TAYLOR HARDY-ROY,

      Plaintiff,

v.

SHANGHAI KINDLY ENTERPRISES DEVELOPMENT GROUP CO., LTD.,
EXELINT INTERNATIONAL, CO.,
JOHN DOES 1-20, and
JOHN DOE COMPANIES 1-20,

      Defendants.

---

**MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS**

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Defendant Exelint International, Co.'s ("Defendant" or "Exelint") Motion to Dismiss (or "Motion"), filed September 4, 2020. [#47]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes, [#15], and concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, having reviewed the Motion and associated briefing, the applicable case law, and being fully advised in its premise, this court **GRANTS** the Motion to Dismiss.

**BACKGROUND**

      The court draws the following facts from the Second Amended Complaint and presumes they are true for purposes of the instant Motion. On or about February 21, 2018,[1] Plaintiff Taylor

---

[1] Plaintiff's Second Amended Complaint alleges the incident occurred on February 21, 2017, but the medical records attached to the Motion for Leave to File a Second Amended Complaint indicate that the incident occurred in 2018. *See* [#35-2]. Thus, the court presumes that the Second Amended Complaint contains a typographical error and will utilize the date contained within the medical records.

Hardy-Roy ("Plaintiff" or "Ms. Hardy-Roy") presented to the University of Colorado Comprehensive Women's Health Center to undergo a medical procedure conducted by her doctor Mollie Jacobs, M.D. [#41 at ¶¶ 18-19]. Dr. Jacobs utilized a "1.5inch 25G needle (LOT#2021-02-20)" (the "Needle") allegedly manufactured, designed, and/or engineered by Exelint during Plaintiff's procedure. [*Id.* at ¶¶ 5-7, 18-120]. But upon removal, the Needle broke and remained inside the Plaintiff's body, with Dr. Jacobs unable to retrieve the Needle. *See* [*id.* at ¶¶ 20-21, 23]. Ms. Hardy-Roy underwent two surgical interventions to retrieve the Needle that caused permanent scarring and emotional distress and caused Plaintiff to suffer economic and non-economic damages. [*Id.* at ¶ 24].

Plaintiff initiated this civil action by filing her Complaint in the District Court for the County of Arapahoe, Colorado on or about January 13, 2020. [#3]. Henry Schein, Inc. ("Henry Schein") removed this matter to this District under 28 U.S.C. § 1332 on February 13, 2020. *See* [#1]. Plaintiff's original and Amended Complaint alleged that Henry Schein and Defendant Shanghai Kindly Enterprise Development Group Co., Ltd. ("Defendant KDL")[2] "designed, engineered, developed, manufactured, fabricated, . . . supplied, distributed, wholesaled, prepared for sale, and sold medical and surgical supplies, including the [Needle] utilized in this case." [#4 at ¶¶ 5, 10].

Plaintiff then moved to amend her Amended Complaint on July 31, 2020 to remove Henry Schein as a defendant and to add Exelint as a defendant, given that Exelint (not Henry Schein) manufactured and designed the Needle used in this matter. *See* [#35; #36; #37]. After assuring itself that the court had subject matter jurisdiction over this action with the addition of Exelint, Ms.

---

[2] Though the Plaintiff uses "Shanghai" to refer to this entity in its briefing, *see, e.g.*, [#53 at 3], and Exelint uses "SKE," [#53 at 3], this court uses "KDL," the acronym used in the Amended Complaint to refer to Defendant Shanghai Kindly Enterprise Development Group Co., Ltd.

2

Hardy-Roy filed her operative Second Amended Complaint on August 13, 2020. [#41]. The Second Amended Complaint asserts claims for (1) strict liability against Exelint, (2) negligence against Exelint, (3) strict liability against Defendant KDL, and (4) negligence against KDL. *See generally* [#41].

Following service of the Second Amended Complaint,[3] Exelint filed the instant Motion to Dismiss on September 4, 2020. [#47]. Exelint argues that the two-year statute of limitations bars Ms. Hardy-Roy's claims against Exelint and Rule 15(c) of the Federal Rules of Civil Procedure does not relate the Second Amended Complaint back to the date Ms. Hardy-Roy initiated this action. *See generally* [*id.*]. Exelint also argues that Ms. Hardy-Roy fails to plead a plausible products liability claim against Exelint. *See generally* [*id.*]. Following leave to serve limited discovery on Exelint, *see* [#50], Ms. Hardy-Roy filed her Response in opposition to the Motion, *see* [#51], and Exelint has since replied, *see* [#53]. Because the Motion is ripe for disposition, I consider the Parties' arguments below and respectfully conclude the two-year statute of limitations bars Ms. Hardy-Roy's claims against Exelint.[4]

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Walker v. Mohiuddin*, 947 F.3d 1244, 1248-49 (10th Cir. 2020) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019) (internal quotation marks omitted). "In making this determination,

---

[3] To date, Plaintiff has yet to complete service on KDL under the Hague Convention. *See* [#52].

[4] For this reason, I do not consider Exelint's remaining arguments in its Motion to Dismiss.

3

the "court accepts as true all well-pleaded factual allegations in [the] complaint and views those allegations in the light most favorable to the plaintiff." *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018).

## ANALYSIS

**I.   Statute of Limitations**

Courts may dismiss certain claims on statute of limitations grounds at the motion to dismiss phase only when "the dates given in the complaint make clear that the right sued upon has been extinguished." *Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017). But the statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c)(1), and a plaintiff need not anticipate affirmative defenses in her complaint; the burden of pleading affirmative defenses rests with the defendant, *see Ghailani v. Sessions*, 859 F.3d 1295, 1306 (10th Cir. 2017).

In exercising diversity jurisdiction over this matter, the court applies Colorado substantive law to Ms. Hardy-Roy's claims, which includes Colorado's statute of limitations, because the events giving rise to this action occurred in Colorado. *See Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) ("A federal court sitting in diversity applies state law for statute of limitations purposes."). Pursuant to Colorado law, a two-year statute of limitations applies to Ms. Hardy-Roy's product liability claim and negligence claim against. *See* Colo. Rev. Stat. §§ 13-80-102(1)(a) (negligence and strict liability causes of action), 13-80-106(1) (products liability causes of action). Further, Colorado law provides that Ms. Hardy-Roy's claims accrued "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(1); *see also British Airways, PLC v. Aircraft Serv. Int'l, Inc.*, No. 04-CV-00779 PSF BNB, 2005 WL 2293657, at *4 (D. Colo. Sept. 16, 2005) ("This accrual statute applies to both the negligence and product liability claims.").

Exelint argues, and the court agrees, that Ms. Hardy-Roy's claims against Exelint accrued on February 21, 2018—the date the Needle became lodged within Ms. Hardy-Roy. *See* [#41 at ¶¶ 18-21]. Indeed, Ms. Hardy-Roy does not dispute that her claim accrued on February 21, 2018. [#51]. According to Exelint, because Ms. Hardy-Roy did not assert any claims against Exelint until July 31, 2020,[5] well after the two-year statute of limitations expired, her claims are untimely. *See* [#47 at 5]. While the court agrees that Ms. Hardy-Roy asserted her claims against Exelint after the expiration of the two-year statute of limitations, the court now considers whether Ms. Hardy-Roy's claims relate back to the filing of her original Complaint on January 13, 2020, which would render her claims timely.

### A.   Application of Appropriate Rule

Generally, once removed, the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). But in the case of whether an amendment relates back, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has not expressly resolved whether a federal court sitting in diversity jurisdiction applies the relation-back principles of Rule 15(c) or the state rule on the subject. *See Dale K. Barker Co., P.C. v. Valley Plaza*, 541 F. App'x 810, 814 (10th Cir. 2013) (observing that there is "considerable uncertainty" on the issue); *see also Lamendola v. Bd. of Cty. Commissioners for Cty. of Taos,* No. CV 18-0163 KBM/SCY, 2019 WL 2371714, at *6 (D.N.M. June 5, 2019) (D.N.M. June 5, 2019) (noting that it appears to be an open question in the Tenth Circuit whether Federal Rule of Civil Procedure 15(c)(1) applies in diversity cases).

---

[5] Though it does not affect the court's analysis, I note that Ms. Hardy-Roy's Second Amended Complaint did not become the operative pleading until August 13, 2020, following the court's order granting the Motion to File a Second Amended Complaint. *See* [#40; #41].

5

This court need not resolve this issue in this action because, while Rule 15(c) of the Colorado Rules of Civil Procedure mirrors the Federal Rule, *compare* Colo. R. Civ. P. 15(c) *with* Fed. R. Civ. P. 15(c), the Colorado Rule is more restrictive with respect to the timing of service—allowing only 63 days, rather than 90 days, for service. *Compare* Colo. R. Civ. P. 4(m) *with* Fed. R. Civ. P. 4(m). Because the analysis does not turn on the difference between 63 and 90 days, and because the Parties rely upon federal law for their respective arguments, the court's analysis proceeds (without deciding) under the authority interpreting Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure.

### B.  Rule 15(c) – Relation Back of Amendments

"In limited circumstances, Rule 15(c) saves an otherwise untimely amendment by deeming it to 'relate back' to the conduct alleged in the timely original complaint." *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 961 (10th Cir. 2012). Relevant here, an amendment relates back if all subparts are met:

> (C) the amendment changes the party . . . against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

In turn, Rule 15(c)(1)(B) provides:

> (B) the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading; or

Fed. R. Civ. P. 15(c)(1)(B). Whether the amendment satisfies Rule 15(c)(1)(B) "depends on the existence of a common core of operative facts uniting the original and newly asserted claims."

6

*May v. Segovia*, 929 F.3d 1223, 1237 (10th Cir. 2019) (quotations omitted) (Briscoe, J., concurring). That is, the amendment must share facts similar in time and type as those in the original pleading. *See United States v. Roe*, 913 F.3d 1285, 1298 (10th Cir. 2019). Whether the amendment satisfies Rule 15(c)(1)(C) depends on "what the party to be added knew or should have known." *May*, 929 F.3d at 1237 (quotations omitted) (Briscoe, J., concurring). Ultimately, the Rules seek to prevent faulting the defendant for conduct different than that set forth in the original pleading. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).

There is no dispute that the Second Amended Complaint satisfies Rule 15(c)(1)(B). All claims asserted now and in the original Complaint stem from the injuries associated with the Needle remaining lodged within Ms. Hardy-Roy during the medical procedure on February 21, 2018. The Parties dispute, however, if Rule 15(c)(1)(C) is satisfied, namely, whether: (1) Exelint received notice of the lawsuit within the deadline for service under Rule 4(m) and (2) Exelint knew or should have known an action would be brought against it, but for a mistaken identity. I consider the Parties' arguments in turn.

### i. Whether Exelint Received Notice of this Suit

"'Notice' under Rule 15(c)(1)(C)(i) may be actual or constructive." *Silva v. Ekis*, No. 15-3007-CM, 2017 WL 5465531, at *2 (D. Kan. Nov. 14, 2017). Actual notice does not necessarily mean service of process but requires the plaintiff to establish that the newly added defendant knew of the action within the 90 days provided under Rule 4(m). *See Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2020 WL 136853, at *3 (D. Kan. Jan. 13, 2020) ("To show actual notice, plaintiff must demonstrate Peterson received notice of plaintiff's complaint within 90 days."). Conversely, constructive notice may satisfy Rule 15(c)(1)(C)(i) if the newly added defendant is represented by the same counsel, works for the same institution, and/or fills the same role as a

7

previously named defendant. *See Estate of Roemer v. Shoaga*, No. 14-CV-01655-PAB-NYW, 2017 WL 1190558, at **6-7 (D. Colo. Mar. 31, 2017). Respectfully, the court concludes that Ms. Hardy-Roy cannot demonstrate actual or constructive notice.

Plaintiff contends Exelint received actual notice under Rule 15(c)(1)(C)(i) because Exelint admitted in its discovery responses that it learned of this action when served with the Second Amended Complaint on August 14, 2020. *See* [#51-1]. Plaintiff further contends that she sent a correspondence to Exelint on or about July 22, 2020. *See* [#51-2]. But notice under Rule 15(c)(1)(C)(i) is conditioned on the newly added defendant receiving notice within the time prescribed by Rule 4(m), i.e., 90 days from the filing of the complaint. Ms. Hardy-Roy initiated this matter in state court on January 13, 2020 and Henry Schein removed the matter to this District on February 13, 2020. *See* [#1; #3].

Assuming the 90 days commenced upon removal,[6] Exelint must have received notice no later than approximately May 13, 2020. Yet, as Ms. Hardy-Roy indicates, the earliest Exelint

---

[6] Whether the 90 days under Rule 4(m) is calculated from the original date of filing in the state court or whether it is calculated from the date of removal is also unresolved by the Tenth Circuit, and is subject to considerable debate by federal courts, including those in the Tenth Circuit. *See Lamendola v. Bd. of Cty. Commissioners for Cty. of Taos,* No. CV 18-0163 KBM/SCY, 2019 WL 2371714, at *6 (D.N.M. June 5, 2019) (calculating the 4(m) service period from the date of removal)*; Acosta-Felton v. Greinke*, Case No. 11-3103-RDR, 2013 WL 615469, *2 (D. Kan. Feb. 19, 2013) (holding that the 4(m) period should run from the date of the original state court filing); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) (when "suits are removed to federal court from state court," the Rule 4(m) period "commences upon the date of removal"); *Mendez v. Jarden Corp.*, 503 F. App'x 930, 937 (11th Cir. 2013) (calculating the deadline under Rule 4(m) from the date of the original filing in state court); *Thompson v. Dollar Tree Stores, Inc*., No. PWG-17-3727, 2019 WL 414881, at *3 (D. Md. Feb. 1, 2019) (calculating the 90 days from the date of removal); *Washington v. Roundy's Illinois, LLC*, Case No. 19-cv-03054, 2020 WL 3744696, *6 (N.D. Ill. Jan. 23, 2020) (calculating the 90 days from the filing of the original complaint in state court). Because federal jurisdiction does not attach until removal, this court uses the date of removal for its 4(m) calculation to afford Plaintiff with the longest applicable time. This court notes that if it followed Rule 15(c) and Rule 4(m) of the Colorado Rules of Civil Procedure, the time period under Colo. R. Civ. P. 4(m) would have expired on March 16, 2020—well before the earliest notice that Ms. Hardy-Roy identifies.

could have received notice was July 22, 2020—after the 90-day window. Thus, Ms. Hardy-Roy fails to demonstrate that Exelint had actual notice of the suit within the 90-day period under Rule 4(m).

Ms. Hardy-Roy also suggests that Exelint may have received constructive notice of this suit through Defendant KDL. *See* [#51 at 6]. She explains that Defendant KDL could have alerted Exelint to the lawsuit as early as January 2019 when Plaintiff's counsel informed Defendant KDL of the incident via electronic mail message, [#51-3], or once Ms. Hardy-Roy filed suit, *see* [#51 at 6]. But Ms. Hardy-Roy can only speculate as to whether this is so. And Ms. Hardy-Roy cites to no authority, and this court did not independently find any, to suggest that she is entitled to additional discovery on the issue. [#51 at 6]. Nothing in the record before the court indicates that Defendant KDL, who remains unserved, will be represented by the same counsel as Exelint or that the two entities are so closely related and/or interconnected that suit against Defendant KDL serves to provide notice to Exelint. *See Laratta v. Raemisch*, No. 12-CV-02079-MSK-KMT, 2014 WL 1237880, at *16 (D. Colo. Mar. 26, 2014). Indeed, Exelint did not file a Disclosure Statement under Rule 7.1 of the Federal Rules of Civil Procedure suggesting that it is more than 10% owned by Defendant KDL. Thus, Ms. Hardy-Roy fails to demonstrate that Exelint had constructive notice of this suit within the 90-day window under Rule 4(m).

### ii.  Whether Exelint Knew or Should Have Known an Action Would be Brought Against It.

Because Exelint did not have notice of this matter within the 90-day window under Rule 4(m), I conclude Exelint did not know, nor could it, that an action would be brought against it but for a mistake of identity. "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010)

9

(emphasis in original). This is so even though the plaintiff knew of the prospective defendant's existence but mistakenly attributed the wrongdoing to another entity. *See id.* at 549 ("a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied."); *but see Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (concluding that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)[(1)(C)(ii)]" for purposes of identifying a John Doe Defendant).

Even assuming Ms. Hardy-Roy's original identification of Henry Schein constituted a mistake of identity under Rule 15(c)(1)(C)(ii), which is not clear, *compare Krupski*, 560 U.S. at 549 *with Garrett*, 362 F.3d at 696, nothing in the record before the court establishes Exelint knew or should have known it was subject to suit but for this mistake. Indeed, "relation back is allowed where the defendant should have known of the mistake at the time of filing and the plaintiff learned through discovery that the named defendant did not have decision making authority regarding the alleged [] violation, and that the decision maker was someone else." *Estate of Roemer*, 2017 WL 1190558, at *7 (quotations omitted). As explained above, such is not the case here. There is no evidence establishing Exelint had actual or constructive knowledge of this matter within the 90-day window under Rule 4(m) such that Exelint knew or should have known it was subject to suit but for Ms. Hardy-Roy's mistake regarding the proper defendant. *See Krupski*, 560 U.S. at 554-56 (holding that respondent knew or should have known that it was subject to suit but for a mistake of identify where the plaintiff sued the wrong entity within the respondent's corporate structure); *Estate of Roemer*, 2017 WL 1190558, at *7 (concluding the prospective defendants knew or should

have known that they were subject to suit where they worked at the same correctional facility as the originally named defendant, were represented by the same counsel, and were implicated in the alleged constitutional violation underlying the suit). Thus, the Second Amended Complaint does not satisfy Rule 15(c)(1)(C)(ii).

### C. Ms. Hardy-Roy's Second Amended Complaint Does Not Relate Back

In sum, Ms. Hardy-Roy's Second Amended Complaint does not relate back to the filing of her original complaint. As explained, there is no evidence that Exelint had actual or constructive knowledge of this suit under Rule 15(c)(1)(C)(i), nor is there any evidence that Exelint knew or should have known it was subject to suit but for Ms. Hardy-Roy's mistake under Rule 15(c)(1)(C)(ii). For these reasons, the applicable two-year statute of limitations under Colorado law bars Ms. Hardy-Roy's claims against Exelint.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Exelint's Motion to Dismiss [#47] is **GRANTED**;

(2) Plaintiff's claims against Exelint are **DISMISSED with prejudice;** and

(3) No later than February 1, 2021, Plaintiff shall **FILE** a Status Report as to the progress of serving Defendant Shanghai Kindly Enterprise Development Group Co., Ltd.

DATED: January 22, 2021

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

11